## UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JESSIE H. SIMMONS, JR.**                                              **CIVIL ACTION**

**VERSUS**                                                                          **NO. 11-229**

**N. BURL CAIN, WARDEN**                                              **SECTION "S"(2)**

## <u>TRANSFER ORDER</u>

Petitioner, JESSIE H. SIMMONS, JR., has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1998 state court conviction and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

    1)    Petitioner's adjudication as a triple offender was unconstitutional due to ineffective assistance of counsel in failing to investigate and present the only viable defense available to petitioner at his multiple offender hearing – a challenge to the constitutionality of the prior conviction in Case No. 262-364 "J," which was used by the State as a predicate prior.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Jesse Simmons v. Burl Cain</u>, Civil Action 06-2299 "S"(2).  In that petition, petitioner raised the following grounds for relief:

    1)    The record does not contain evidence adduced at the prior multiple bill hearing;

2)      There is no guilty plea recorded for the 1989 conviction in Case 336-240 "C," a predicate used to support the multiple bill;

3)      The fingerprints used at the multiple bill hearing were unsuitable and not sufficient to prove his identification;

4)      Petitioner's trial and appellate counsel provided ineffective assistance when they failed to object to the multiple bill proceedings and allowed the 1977 conviction to be used in the multiple offender proceeding when the cleansing period had passed.

That petition was dismissed with prejudice by Judgment entered December 6, 2006. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. Petitioner acknowledges that the petition is successive. Petitioner has filed a motion for authorization to proceed with the successive habeas petition, and it is currently pending before the United States Fifth Circuit Court of Appeals. (No. 11-30114). In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)      the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)      (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit

Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).   Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.   Accordingly,

**IT IS ORDERED** that JESSIE H. SIMMONS, JR.'s petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _____10th_____ day of _____February_____, 2011.

_____
UNITED STATES DISTRICT JUDGE